SUE ANN SALMON EVANS, State Bar No. 151562
sevans@mbdlaw.com
AMY R. LEVINE, State Bar No. 160743
alevine@mbdlaw.com
SARAH L. W. SUTHERLAND, State Bar No. 239889
ssutherland@mbdlaw.com
MILLER BROWN & DANNIS
750 B Street, Suite 2310
San Diego, CA 92101
Telephone: (619) 595-0202
Facsimile: (619) 702-6202

Attorneys for Defendant
SAN DIEGO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.C., a minor, KEVIN CARLSON AND CANDACE CARLSON,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 0987 LAB (AJB)<br><br>**DEFENDANT SAN DIEGO UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT** |

COMES NOW Defendant SAN DIEGO UNIFIED SCHOOL DISTRICT and answers Plaintiffs K.C., KEVIN CARLSON, and CANDACE CARLSON'S Complaint/Appeal from Administrative Decision Under the Individuals with Disabilities Education Act ("IDEA") and Claim for Costs and Attorneys' Fees ("Complaint") as follows:

1. In response to paragraph 1, Defendant admits this action is an appeal of a decision of an Administrative Law Judge ("ALJ") in a due process hearing held pursuant to the IDEA. Defendant further admits that Plaintiffs seek attorneys' fees and expenses incurred in connection

with that administrative hearing, but denies that Plaintiffs are or will be deemed the prevailing parties in that proceeding. Except as so admitted, Defendant denies each and every remaining allegation contained in paragraph 1.

2. In response to paragraph 2, Defendant admits this Court has jurisdiction over this action pursuant to the IDEA.

3. In response to paragraph 3, Defendant admits venue is proper pursuant to 28 U.S.C. 1391. Defendant is informed and believes that all Plaintiffs' claims arise in this judicial district. Except as so admitted, Defendant denies each and every remaining allegation contained in paragraph 3.

4. In response to paragraph 4, Defendant is informed and believes that Plaintiff K.C. is a minor, born on June 8, 1998, who resides with her parents in the City of San Diego. Defendant is informed and believes that Plaintiffs Candace Carlson and Kevin Carlson are responsible for Plaintiff K.C.'s care, custody and control. Except as so admitted, Defendant denies each and every remaining allegation contained in paragraph 4.

5. In response to paragraph 5, Defendant admits that Plaintiff K.C. is a child with a disability who is eligible for services under the IDEA.

6. In response to paragraph 6, Defendant admits it is a public entity organized and operating under the laws of the State of California. Defendant admits it operates a public school district and that its central office is in San Diego, California. Defendant admits it receives both state and federal funding for its public education programs. Defendant admits that it has the capacity to be sued. Except as so admitted, Defendant denies each and every remaining allegation contained in paragraph 6.

7. In response to paragraph 7, Defendant admits it has a duty to provide eligible students with a free, appropriate public education ("FAPE") in the least restrictive environment under the IDEA. Defendant denies being obligated to provide a FAPE to all special education students residing in the City of San Diego. Defendant denies it has the obligation to assure the provision of all due process procedures guaranteed by the IDEA. Defendant admits it is governed by applicable laws of the State of California, the United States, and the Constitution of the United

States. Except as so admitted, Defendant denies each and every remaining allegation contained in paragraph 7.

8. In response to paragraph 8, Defendant lacks sufficient information or belief to respond, and on that basis denies each and every allegation contained therein. Defendant asserts that there is no basis to plead DOE defendants in this action and that this paragraph should be stricken.

9. In response to paragraph 9, Defendant denies failing to develop an Individualized Education Program ("IEP") for K.C. Defendant denies that it failed to offer K.C. a FAPE. Defendant admits that K.C.'s parents unilaterally placed K.C. at a non-public school after giving 10 days notice. Defendant admits that K.C.'s parents requested a due process hearing on or about November 29, 2007. Defendant admits K.C.'s parents alleged a denial of FAPE and sought reimbursement for certain educational expenses. Except as so admitted, Defendant denies each and every remaining allegation contained in paragraph 9.

10. In response to paragraph 10, Defendant admits the allegations contained therein.

11. In response to paragraph 11, Defendant denies that Plaintiffs Kevin Carlson and Candace Carlson have exhausted their administrative remedies. Defendant lacks information or belief as to whether or not Plaintiff K.C. has exhausted her administrative remedies as to the factual or legal arguments she will raise in this action, and on that basis denies that allegation. Except as so admitted, Defendant denies each and every remaining allegation contained in paragraph 11.

12. In response to paragraph 12, Defendant denies that the due process hearing was incorrectly decided. Defendant admits Plaintiff K.C. is an aggrieved party, and that Plaintiff K.C. may appeal the outcome of the due process hearing. Except as so admitted, Defendant denies each and every remaining allegation contained in paragraph 12.

13. In response to paragraph 13, Defendant admits Plaintiff K.C. may appeal issues raised and determined against her. Except as so admitted, Defendant denies each and every remaining allegation contained in paragraph 13.

14. In response to paragraph 14, Defendant denies each and every allegation contained therein.

15. In response to paragraph 15, Defendant is informed and believes Plaintiffs incurred attorneys' fees and costs in the underlying administrative proceeding, however lacks sufficient information to form a belief as to the truth of this allegation, and on that basis denies it. Defendant is without sufficient information to admit or deny whether Plaintiff may seek leave of court at some later date, and on that basis denies this allegation.

16. In response to paragraph 16, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

17. In response to each and every prayer and relief demanded in the Complaint, Defendant denies that Plaintiff is entitled to the relief requested.

## FIRST AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that the Complaint and each and every claim for relief therein fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that answering Defendant has complied with all applicable laws and regulations and therefore Plaintiffs are not entitled to any relief under the Complaint or any claim for relief contained therein.

## THIRD AFFIRMATIVE DEFENSE

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that Plaintiffs have failed to exhaust their administrative remedies.

/ / /

/ / /

### FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that Plaintiffs lack standing to bring their Complaint.

### FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that this Court lacks subject matter jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs are barred and precluded from relief since answering Defendant's alleged conduct was privileged or otherwise justified as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs are barred and precluded from relief sought by virtue of the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs are barred and precluded from relief sought by virtue of the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs are barred and precluded from recovering the relief sought by virtue of the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that Plaintiffs are barred and precluded from any relief in this action under and by virtue of the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs are barred and precluded from recovering the relief sought as contrary to public policy or otherwise precluded by law.

**TWELVTH AFFIRMATIVE DEFENSE**

AS A TWELVTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs' claims are barred by the failure to comply with Education Code section 56505.

**THIRTEENTH AFFIRMATIVE DEFENSE**

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs are barred and precluded from the relief sought by virtue of statutory grounds for denial and/or limitation of reimbursement for unilateral private school placement and services under the IDEA, pursuant to 20 U.S.C. § 1412(a)(10)(C) of the IDEA, its implementing regulations at section 300.148 of Title 34 of the Code of Federal Regulations, and California Education Code sections 56174, 56175, 56176, and 56177.

**FOURTEENTH AFFIRMATIVE DEFENSE**

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged reimbursement must be denied because Plaintiffs' unilateral private placement failed to comply with the least restrictive environment requirements of the IDEA and was otherwise not an appropriate placement.

**FIFTEENTH AFFIRMATIVE DEFENSE**

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs were not the prevailing party in the underlying due process hearing and are not entitled to fees under 20 U.S.C. § 1415(i) on that basis.

///

DEFENDANT SAN DIEGO UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT;
CASE NO. 08 CV 0987 LAB (AJB)

LB 112739v1

MILLER BROWN & DANNIS
SYMPHONY TOWERS
750 B STREET, SUITE 2310
SAN DIEGO, CA 92101

### SIXTEENTH AFFIRMATIVE DEFENSE

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs' attorneys' fees request are not reasonable or otherwise compensable under 20 U.S.C. § 1415(i).

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs are barred and precluded from relief sought by virtue of statutory grounds for denial and/or reduction of fees under the IDEA, pursuant to 20 U.S.C. § 1415(i)(3)(C)-(F).

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs are barred and precluded from relief sought for pursuit of claims on which Plaintiffs did not prevail and that Plaintiffs' entire award should be limited to the degree of success.

### NINETEENTH AFFIRMATIVE DEFENSE

AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs are barred and precluded from recovering fees beyond the dates upon which the answering Defendant transmitted more favorable statutory offers of settlement pursuant to 20 U.S.C. § 1415(i)(3)(D)(i).

### TWENTIETH AFFIRMATIVE DEFENSE

AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged Plaintiffs are barred and precluded from recovering fees beyond the date on which the answering Defendant transmits an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is asserted that the ALJ properly determined that answering Defendant was the prevailing party on all issues.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that the Office of Administrative Hearings ("OAH") Decision is entitled to substantial weight and deference as the ALJ was careful, thorough, impartial, and sensitive to the complexities of the issues presented.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that the OAH Decision must be upheld as the findings and conclusions of the decision are supported by the preponderance of the evidence.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that each of the Plaintiffs have failed to mitigate their damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that the DOE Defendants named by Plaintiffs and/or Plaintiffs themselves are responsible, in whole or in part, for any deprivation of rights claimed by Plaintiffs in this action.

WHEREFORE, this answering Defendant prays for a judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint;
2. That this answering Defendant be dismissed and be awarded costs of suit incurred;
3. For attorneys' fees; and
4. For such other and further relief as the court deems just and proper.

DATED: June 24, 2008                                MILLER BROWN & DANNIS

By: /s/ Sarah L. W. Sutherland
SARAH L. W. SUTHERLAND
Attorneys for Defendant
SAN DIEGO UNIFIED SCHOOL DISTRICT

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF SAN DIEGO    )

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is: 750 B Street, Suite 2310, San Diego, California, 92101.

On the date set forth below I caused the foregoing documents described as following documents:

**SAN DIEGO UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT**

to be served on Plaintiffs by serving counsel of record electronically, having verified on the court's CM/ECF website that such counsel is currently on the list to receive emails for this case, and that there are no attorneys on the manual notice list.

Dated: June 24, 2008

*Janice Karr* (signature)
Janice Karr

LB 112739v1

MILLER BROWN & DANNIS
SYMPHONY TOWERS
750 B STREET, SUITE 2310
SAN DIEGO, CA 92101